**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**William Larry RED STAR,
Defendant—Appellant.**

No. 06–30503.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed July 16, 2007.

Carl E. Rostad, Esq., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Andrew I. Huff, Law Office of Andrew I. Huff, Helena, MT, for Defendant–Appellant.

Before: B. FLETCHER and PREGERSON, Circuit Judges, and SELNA *, District Judge.

## MEMORANDUM **

Appellant William Larry Red Star ("Red Star") appeals his district court conviction and sentence for sexual abuse in violation of 18 U.S.C. §§ 1153(a) and 2242(2)(B). Red Star challenges the district court's denial of his motion to suppress his confession, and the district court's ruling preventing Red Star from questioning the victim regarding the content of a forensic medical report. We find no error and affirm.

■ First, the Government has the burden of proving, by a preponderance of the evidence, that Red Star's statements were voluntary. *Lego v. Twomey,* 404 U.S. 477, 489, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). Red Star argues that polygraph machines are *per se* coercive. However, we have repeatedly upheld the use of polygraph machines as an interrogation method. *See, e.g., United States v. Haswood,* 350 F.3d 1024, 1029 (9th Cir.2003) ("[t]he use of polygraph results is a reasonable means of police questioning"). There was no evidence of physical coercion.

■ To ascertain whether Red Star was psychologically coerced, we analyze the totality of the circumstances involved and the effect upon his will. *Schneckloth v. Bustamonte,* 412 U.S. 218, 226–27, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *United States v. Miller,* 984 F.2d 1028, 1031 (9th Cir. 1993). Red Star concedes that the government agent explained what his rights were, specifically explained that Red Star had the right to remain silent, and read a waiver of rights form with Red Star. Red Star signed the waiver form with knowledge of his rights. The entire interview occurred over approximately two hours and 15 minutes, an hour of which was spent in filling out forms and discussing the operation of the polygraph equipment. Red Star could have refused to participate at any point. Red Star was 24 years of age, completed 11 years of schooling, and was working toward a GED. There were no threats or promises made during the interviewing process. Red Star's confession was voluntary in light of the totality of the circumstances.

■ Second, with respect to the medical report, Red Star failed to provide an adequate foundation to question the victim regarding its contents. The document was not admissible under exceptions for statements made for the purpose of medical diagnosis or treatment, present recollection recorded, or present sense impression. Fed.R.Evid. 803(1), (4), (5). The portions of the medical report that contradict the victim's testimony are not the result of the victim's out of court statements, but rather the examining nurse's own observations concerning the victim's post-assault symptoms. The victim had never seen those pages, had not discussed the contents of those pages with anyone, and had never acknowledged or denied the statements made on those pages. Subsequently, the

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent as provided by 9th Cir. R. 36–3.

court afforded Red Star's counsel an opportunity to ask additional questions, and Red Star declined. Red Star did not call the nurse, or provide any other foundation for the medical report. The district court's evidentiary ruling was correct.

**AFFIRMED.**